PATTERSON *v.* CLARK.

1. Ordinarily, where money is borrowed and a promissory note given for the same, signed by the borrower as principal and another as surety, the money borrowed becomes the property of the principal, and if used in paying off a judgment against him, the judgment is thereby extinguished; but if, before signing the note, the surety stipulated with the principal that the judgment should not become extinguished but should remain open against the principal for the benefit of the surety in order to indemnify him against loss by reason of the suretyship, paying the original holder of the judgment with money thus raised did not extinguish and satisfy the judgment.

2. The evidence was sufficient to warrant the verdict except as to the amount found in favor of the defendant, which was too large; and accordingly, direction is given that the excess, both as to principal and interest, be written off, and that the costs of this writ of error be paid by the defendant in error.

July 29, 1895.

Equitable petition. Before Judge MILNER. Catoosa superior court. August term, 1894.

W. E. MANN, for plaintiff.

J. H. ANDERSON, for defendant.

LUMPKIN, Justice.

This was an equitable petition brought by Mrs. Mary A. Patterson against W. H. H. Clark. He filed an answer somewhat in the nature of a cross-bill, and upon the trial there was a finding in his favor for $594.75, the verdict also declaring that he was entitled, for the purpose of collecting this sum, to a first lien on certain land involved in the litigation.

1. The only legal question presented for our determination arose as follows: It appeared from the evidence that J. H. Patterson had borrowed from one Hambright a sum of money for the purpose of paying off certain executions against Patterson, held by Bell Thompson, Baxter and others. Clark was security for Patterson in obtaining this loan, and there was sufficient evidence to warrant the jury in finding that there was an agreement between these parties that paying the holders of these executions with the funds thus raised should not operate to extinguish the executions, but that they should remain open against Patterson for the benefit of Clark, in order to indemnify him against loss by reason of the suretyship.

The court was requested to charge, that "if J. H. Patterson borrowed money from Hambright, with Clark as security, then the money would belong to Patterson and not to Clark; and when applied to Bell Thompson *fi. fas.* and the Baxter and other *fi. fas.*, it was a payment and extinguishment of the *fi. fas.* so far as the complainant, Mary A. Patterson, was concerned." The refusal of the court to give this request is assigned as error.

Ordinarily, where a judgment debtor borrows money with which to pay off a judgment against him, and uses the money for this purpose, the judgment becomes satisfied and is no longer operative as a lien upon the debtor's

property. It often happens, however, that a judgment debtor agrees with one who lends him money for such a purpose, that the judgment and execution shall not be satisfied by payment to the holder thereof, but shall be transferred to the lender as security for the loan; and there can be no doubt that such an arrangement is strictly proper and legitimate. We see no reason why a similar arrangement may not be made for the protection of one who, by becoming surety for a debtor, aids the latter in procuring money with which to pay a judgment creditor who is pressing for the collection of his money. Assuming that the jury found correctly as to the facts, this is precisely what was done in the present case. In the absence of any agreement or understanding upon the subject, it would doubtless be true that when Patterson paid his judgment creditors the amounts respectively due them, their executions would become satisfied; but if Patterson made an express contract with Clark, in order to induce him to become surety, that the executions should not become satisfied but should be held by Clark for his protection, what good reason in law or in morals can be suggested why this contract should not, *inter partes*, be enforced for the benefit of the surety? None occurs to us, and none was presented in the argument for the plaintiff in error. We are therefore well satisfied that the court did not err in declining to give, without qualification, the charge requested.

2. Having thus disposed of the only legal question in the case, it only remains to be added that the evidence was sufficient to warrant the finding in Clark's favor, with one exception, viz: the amount of the verdict was, through inadvertence or otherwise, too large. But this does not necessitate another trial, because, by appropriate direction, we have cured the error committed by the jury in this respect. *Judgment affirmed, with direction.*